IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN C. OLEBARA<br>P.O. Box 2530<br>Washington, D.C. 20013<br>    Plaintiff<br><br>            v.<br><br>LAWRENCE H. SUMMERS<br>Secretary<br>U.S. Department of the Treasury<br>1500 Pennsylvania Ave., N.W.<br>Washington, D.C. 20220<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:00CV2374 (JR) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Robin C. Olebara, by her attorneys, Jerry R. Goldstein and Goldstein, Handler & Levine, P.C., hereby sues the defendant and alleges as follows:

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-16(c), and the common law of the District of Columbia pursuant to 28 U.S.C. Section 1367. This Court has jurisdiction over the Title VII claim under 42 U.S.C. Sec. 2000e-5(f)(3). The Court has supplemental jurisdiction over the District of Columbia claims under 28 U.S.C. §1367.

2. Venue is proper in this District under 28 U.S.C. Sec. 1391 and 42 U.S.C. Sec. 2000e-5(f)(3).

Background Facts

3. Plaintiff is a dark-complected, African American female, age 46, who has been employed by the federal government since 1974. She has been employed by the Office of

Thrift Supervision (OTS) in the Department of the Treasury since March 1988. She transferred to OTS (then the Federal Home Loan Bank Board) from the Department of the Navy as a Contract Specialist with promotion potential to a GS-12.

4. As a result of a reorganization where plaintiff was the only employee in the Procurement Management Division in the 1102 series who did not receive a promotion or the equivalent of a promotion, and a 1995 RIF, she has been relegated to an Administrative Secretary position where she has remained ever since.

5. Plaintiff previously filed discrimination complaints about a number of issues, including that the reorganization of OTS between October 1988 and December 1990 adversely impacted her position, grade, job classification, responsibilities, job development and growth, denial of a promotion, denial of a full merit award as well as merit pay increases, bonuses, and other benefits, and non-selection for a position in 1992. These matters were given case numbers TD 90-1077, TD 92-1125, and TD 92-1126 by the Department of the Treasury. Eventually, after the cases reached the U.S. District Court, plaintiff and the Agency reached a written Settlement Agreement in May 1995, which included, among other things, certain payment to and training for plaintiff and a promise of non-retaliation by the Agency.

6. Despite the Settlement Agreement, defendant has engaged in subsequent acts of discrimination toward the plaintiff which are in breach of that Agreement and which caused her to file two complaints of discrimination. One was filed in 1997 as a class complaint in which plaintiff was one of the class agents. It alleges that OTS has engaged in a systematic policy and practice of discrimination against African-American females

2

which is carried out primarily through the excessively subjective way it administers its performance evaluation system, resulting in smaller merit pay increases, lower bonuses, less promotions, and significant under-representation in supervisory and managerial positions, among other things, for African-American females. That case is still pending at the EEOC on the class action issue. The other was initiated as an informal complaint on March 10, 1998, and filed as a formal complaint on April 26, 1999, alleging discrimination on the basis of race, color, age, and sex due to a continuing pattern of discriminatory and retaliatory events which began shortly after the 1995 Settlement Agreement. These included a RIF in June 1995 where plaintiff was bumped from her TG-12 Contract Specialist position by a white female who plaintiff much later learned was shortly after the RIF upgraded to a TG-14, plaintiff's failure to get performance enhancement training, her failure to get appropriate annual performance ratings, pay raises and cash awards, the direct placement of a white male into a Contract Specialist position and her non-selection for two Contract Specialist positions in 1998 (Vacancy Announcement Nos. 98-06 and 98-41), the latter of which was filled by the same white male, and her failure to be promoted above a TG-12 Administrative Secretary even though her boss was promoted and secretaries of lower-ranking officials had higher grades.

    7. Plaintiff's complaints have been pending for more than 180 days without a final decision by the EEOC.

## COUNT I
### (Breach of Contract)

    8. Plaintiff realleges and incorporates by reference Paragraphs 1 through 7 herein.

9. Defendant has materially breached the non-retaliation provision of the Settlement Agreement with the plaintiff by, among other things:

(a) Bumping her out of her original Contract Specialist TG-12 position (later changed to a Purchasing Specialist position) effective August 15, 1995, replacing her with a white female, and then, unbeknownst to plaintiff until the counseling process in her 1988 complaint, upgrading the position to a TG-14 effective January 24, 1996;

(b) Giving plaintiff discriminatory performance appraisals and reduced pay increases in 1996 and 1998;

(c) Failing to pay her cash awards/bonuses in 1997 and 1998;

(d) Failing to give her performance enhancement training;

(e) Manipulating the vacancy announcements (Nos. 98-06 and 98-41) for a Contract Specialist position so that the position could be given to a white male who had been placed in the position on a temporary basis prior to his selection; and

(f) Paying white secretaries with duties comparable to hers at a higher grade level or giving them positions with higher promotion potential.

10. As a direct and proximate result of defendant's actions, plaintiff has suffered damages, including lost income and benefits, humiliation and mental anguish, and lost promotional and career opportunities.

WHEREFORE, plaintiff demands judgment against defendant and prays that the Court:

1. Order defendant to pay damages to plaintiff for her lost wages and benefits.

2. Award plaintiff compensatory damages against defendant in an amount to be

determined.

3. Award plaintiff reasonable attorney's fees and the costs of this litigation.

4. Award such other relief as may be reasonable and proper.

## COUNT II
### (Title VII - Discrimination)

11. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 herein.

12. Defendant's actions as aforesaid were intentional discrimination on the basis of race, color, and sex against the plaintiff, as well as other African-American females, in violation of Title VII of the Civil Rights Act of 1964, as amended.

13. As a result of the violations as aforesaid, the plaintiff has been adversely affected in terms of compensation, benefits, and career growth, lost promotional opportunities, past and future pecuniary losses, humiliation and mental anguish, and other non-pecuniary losses.

WHEREFORE, plaintiff demands judgment against defendant and prays that the Court:

1. Order plaintiff's appointment to an appropriate Contract Specialist position at a pay grade of at least TG-14.

2. Award plaintiff full back pay and benefits.

3. Award plaintiff compensatory damages of $300,000.

4. Award plaintiff reasonable attorney's fees and the costs of this litigation.

5. Award plaintiff such front pay and future benefits as may be appropriate.

6. Enjoin defendant from discriminating against, retaliating against, or harassing plaintiff in any manner.

7. Award such other relief as may be necessary and proper.

## COUNT III
### (Title VII - Retaliation)

14. Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 herein.

15. Plaintiff engaged in protected activity as aforesaid which was well known to her supervisors and management personnel at OTS.

16. Defendant's actions as aforesaid were taken in retaliation for her having engaged in the protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended.

17. As a result of the violations as aforesaid, the plaintiff has been adversely affected in terms of compensation, benefits, and career growth, lost promotional opportunities, past and future pecuniary losses, humiliation and mental anguish, and other non-pecuniary losses.

WHEREFORE, plaintiff demands judgment against defendant and prays that the Court:

1. Order plaintiff's appointment to an appropriate Contract Specialist position at a pay grade of at least TG-14.

2. Award plaintiff full back pay and benefits.

3. Award plaintiff compensatory damages of $300,000.

4. Award plaintiff reasonable attorney's fees and the costs of this litigation.

5. Award plaintiff such front pay and future benefits as may be appropriate.

6. Enjoin defendant from discriminating against, retaliating against, or harassing plaintiff in any manner.

7. Award such other relief as may be necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable by a jury.

_____
Jerry R. Goldstein

GOLDSTEIN, HANDLER & LEVINE, P.C.

By:_____
Jerry R. Goldstein (D.C. Bar No. 173690)
7315 Wisconsin Avenue
Suite 601N
Bethesda, MD 20814
(301) 961-6464
Attorney for Plaintiff